IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| WHITNEY BURDETT,<br><br>Plaintiff,<br>v.<br><br>THE UNIVERSITY OF UTAH, et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND REMANDING ACTION TO STATE COURT**<br><br>Case No. 2:25-cv-00472-AMA-DAO<br><br>District Judge Ann Marie McIff Allen<br><br>Magistrate Judge Daphne A. Oberg |

This matter is presently before the Court on a Motion to Dismiss filed by Defendants the University of Utah, University of Utah Police Department, Chief Carver, Detective Egan, Detective Davis, and Lieutenant Wahlin ("Motion").[1] The Motion is fully briefed.[2] The Court did not hear oral argument. For the reasons set forth below, the Court grants in part and denies in part Defendants' Motion. Given the Court dismisses the only federal claims, the remaining state causes of action will be remanded to Utah's Third District Court.

## BACKGROUND

The following factual background is taken from Plaintiff Whitney Burdett's Verified Complaint.[3] Plaintiff alleges she was hired by the Defendant University of Utah Police Department on April 24, 2024.[4] During her training, Defendants raised questions about

---

[1] *See* ECF No. 7.
[2] *See* ECF Nos. 45 & 48.
[3] ECF No. 1, Ex. 3.
[4] *Id.* ¶ 15.

Plaintiff's background and whether Plaintiff adequately disclosed various matters.[5] Plaintiff alleges that a more thorough investigation of her background would have revealed that those matters only appeared in her background as the result of clerical errors.[6] On or about June 10, 2024, Plaintiff was injured during training and was excused from further defensive-tactic training, although she continued attending other training classes.[7] Plaintiff was terminated on or about June 12, 2024.[8] Plaintiff asserts her termination constitutes unlawful disability discrimination under the Americans with Disabilities Act ("ADA").[9] Plaintiff also asserts her termination constitutes unlawful gender discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII").[10] Plaintiff does not allege she filed any charge of discrimination with the Equal Opportunity Employment Commission ("EEOC").[11]

## DISCUSSION

For the reasons set forth in detail below, the Court grants Defendants' Motion insofar as it seeks dismissal of Plaintiff's claims under the ADA and Title VII because Plaintiff has not exhausted her administrative remedies. The Court denies the remaining requests in Defendants' Motion and will remand Plaintiff's remaining state-law claims to state court. Under Federal Rule of Civil Procedure 12(b)(6), a claim is subject to dismissal if the plaintiff's complaint fails to "state a claim upon which relief can be granted." In construing a complaint, the Court assumes the truth of any well-pleaded facts and draws all reasonable inferences in the light most

---

[5] *Id.* ¶¶ 20–30.
[6] *Id.* ¶¶ 31–34.
[7] *Id.* ¶ 37.
[8] *Id.* ¶¶ 38–39
[9] *Id.* ¶¶ 87–93.
[10] *See id.* ¶¶ 94–99. Plaintiff also asserts various state law causes of action. *See id.* ¶¶ 72–86.
[11] *See generally id.*

favorable to the plaintiff. *See Leverington v. City of Colo. Springs*, 643 F.3d 719, 723 (10th Cir. 2011). To survive a Rule 12(b)(6) motion, a complaint "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). With this standard in mind, the Court turns to Defendants' arguments.

I. **The Court denies Defendants' Motion insofar as it seeks dismissal based on the Eleventh Amendment because Defendants waived immunity by removing Plaintiff's action from state court**

Defendants contend Plaintiff's ADA claim is barred by the immunity afforded to states pursuant to the Eleventh Amendment.[12] Yet, as Tenth Circuit precedent makes plain, Defendants waived any Eleventh Amendment immunity otherwise available by removing this action from state court. In *Estes v. Wyoming Department of Transportation*, the Tenth Circuit held that a state defendant who removes federal claims from state court waves Eleventh Amendment immunity. 302 F.3d 1200, 1206 (10th Cir. 2002) (concluding the state defendant "waived its sovereign immunity relative to the ADA claim even if it attempted to remove the present case simply to federal court to challenge the jurisdiction of the federal forum"). Here, Defendants removed this case from state court.[13] In doing so, they waived Eleventh Amendment immunity.[14]

---

[12] ECF No. 7 at 14.
[13] *See* Notice of Removal, ECF No. 1.
[14] Ordinarily, the Court might not elaborate on its reasons for rejecting an argument when, as here, sufficient alternative arguments justify dismissal. *See infra* Part II. The Court will more carefully parse this issue because Eleventh Amendment immunity raises a jurisdictional issue. *K. A. v. Barnes*, 134 F.4th 1067, 1073 (10th Cir. 2025). Accordingly, the Court will discuss the basis for asserting its power in this matter.

Defendants' argument seeking to avoid the result mandated by *Estes* is not well taken.[15] Defendants cite dicta from *Wisconsin Department of Corrections v. Schacht*, a case that addressed a different issue, namely, whether the Eleventh Amendment destroyed removal jurisdiction. 524 U.S. 381, 391 (1998). In 1999, the Tenth Circuit extinguished any hope that the dicta in *Schacht* could avail a party in this Circuit when it stated: "The [Supreme] Court's recent decision in *Schacht* does not abrogate [prior Tenth Circuit precedent on Eleventh Amendment immunity waiver because] . . . it is clear by the Court's holding that it was not prepared to address, and did not resolve, the issue whether removal itself constituted a waiver." *Sutton v. Utah State Sch. for Deaf & Blind*, 173 F.3d 1226, 1234 (10th Cir. 1999). Also, the Supreme Court itself dashed any hope the dicta in *Schacht* might avail Defendants when it subsequently held "that the State's action joining the removing of this case to federal court waived its Eleventh Amendment immunity . . . ." *Lapides v. Bd. of Regents of Univ. Sys. of Georgia*, 535 U.S. 613, 624 (2002). The only question *Lapides* left open is whether that waiver applies only to state-law claims (the only claims then at issue in *Lapides*) or also applies to federal-law claims. As already stated, the Tenth Circuit conclusively answered this in *Estes*, not only in the context of federal claims generally but also, specifically, in ADA claims. Accordingly, Defendants have

---

[15] Similarly, Plaintiff's contention that Congress preempted sovereign immunity pursuant to the Fourteenth Amendment is not well taken. Even the authority Plaintiff cites recognizes that "the Supreme Court held that Congress did not validly abrogate sovereign immunity for employment discrimination claims made against states under Title I of the ADA." *Levy v. Kansas Dep't of Soc. & Rehab. Servs.*, 789 F.3d 1164, 1169 (10th Cir. 2015). Plaintiff's reference to Title II is irrelevant in this case because "Title II does not contain an independent cause of action for employment discrimination." *Elwell v. Oklahoma ex rel. Bd. of Regents of Univ. of Oklahoma*, 693 F.3d 1303, 1316 (10th Cir. 2012). Here, Plaintiff asserts an ADA employment-discrimination claim, which must be brought pursuant to Title I of the ADA.

waived Eleventh Amendment immunity they might otherwise enjoy when defending ADA claims by removing this action from state court to federal court.

II. **The Court grants Defendants' Motion insofar as it seeks dismissal of Plaintiff's Title VII and ADA claims because Plaintiff failed to exhaust her administrative remedies**

Plaintiffs' claims under the ADA and Title VII are subject to dismissal because Plaintiff failed to exhaust those claims by filing a charge of discrimination with the EEOC. "Title I of the ADA requires a plaintiff to exhaust her administrative remedies before filing suit."[16] *Jones v. U.P.S., Inc.*, 502 F.3d 1176, 1183 (10th Cir. 2007), *overruled on other grounds by Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1185–86 (10th Cir. 2018). Title VII requires the same. *See Lincoln* at 1181. Although once an issue of jurisdiction, the Tenth Circuit has clarified that failure to exhaust, "permits the employer to raise an affirmative defense of failure to exhaust but does not bar a federal court from assuming jurisdiction over a claim." *Id.* at 1185. "The first step to exhaustion is the filing of a charge of discrimination with the EEOC." *Jones* at 1183; *see Lincoln* at 1181. Defendants contend Plaintiff failed to exhaust her administrative remedies because she never filed a charge of discrimination with the EEOC.[17] Plaintiff admits she did not

---

[16] As noted above, while Title I of the ADA provides an employment-discrimination cause of action, "Title II does not contain an independent cause of action for employment discrimination." *Elwell v. Oklahoma ex rel. Bd. of Regents of Univ. of Oklahoma*, 693 F.3d 1303, 1316 (10th Cir. 2012); *see also Tennessee v. Lane,* 541 U.S. 509, 516–17 (2004) (noting the ADA "forbids discrimination against persons with disabilities in three major areas of public life: employment, which is covered by Title I of the statute; public services, programs, and activities, which are the subject of Title II; and public accommodations, which are covered by Title III").

[17] ECF No. 7 at 15–17.

file any charge of discrimination with the EEOC.[18] Accordingly, Plaintiff has not exhausted her administrative remedies.[19]

In light of this failure to exhaust, Plaintiff argues her deadline for filing an EEOC charge should be equitably tolled because Defendants engaged in "active deception" by "directing Plaintiff to an internal process and failing to disclose that EEOC filing is a jurisdictional prerequisite under Title VII . . . ."[20] The Court has discretion to apply equitable tolling but that doctrine "is appropriate only where the employer has committed 'active deception' lulling a plaintiff into inaction." *Edmonds-Radford v. Sw. Airlines Co.*, 17 F.4th 975, 988 (10th Cir. 2021). "This is a high bar to overcome." *Id.*

Plaintiff cites no case in which a court applied equitable tolling to extend the time to file a charge of discrimination, let alone one bearing any resemblance to this case. Examining the facts in this case in the light most favorable to Plaintiff, the Court concludes that Plaintiff has not overcome the "high bar" necessary for application of equitable tolling.

---

[18] ECF No. 16 at 27 (asserting Defendants' actions "led to Plaintiff[] not filing with the EEOC").

[19] As the Northern District of Oklahoma recently noted, district courts within the Tenth Circuit, post-*Lincoln*, have split over whether "exhaustion is a condition precedent to suit or a true affirmative defense for which the defendant bears the burden." *Avington v. Indep. Sch. Dist. No. 1 of Tulsa Cnty.*, No. 24-CV-410, 2025 WL 1287736, at *4 (N.D. Okla. May 1, 2025). Here, both parties acknowledge that no charge of discrimination has been filed. Accordingly, this issue becomes academic because, regardless of who has the relative burdens, the facts establishing Plaintiff's failure to exhaust are uncontested here.

[20] ECF No. 16 at 26–27. It is questionable whether equitable tolling applies given Plaintiff has not claimed she filed a charge of discrimination at any time. Equitable tolling is typically applied where a charge was filed after the applicable deadline. *See Edmonds-Radford v. Sw. Airlines Co.*, 17 F.4th 975, 988 (10th Cir. 2021). The Court will assume for purposes of the equitable tolling analysis that Plaintiff filed a tardy charge of discrimination, though the record contains no evidence of such filing.

Even assuming the Court might properly consider evidence on the issue,[21] Plaintiff's proffered exhibit does not show "active deception." Plaintiff refers the Court to Exhibit A (a copy of an intake form) to Plaintiff's First Memorandum in Opposition to Defendants' Motion.[22] Plaintiff points to a portion of that document stating a complaint "must be filed with the Office of Equal Opportunity and Affirmative Action (OEO/AA)."[23] She then suggests this led her to "reasonably" believe that the University's internal process was her exclusive remedy.[24] This argument could only be persuasive if one ignores the remainder of Exhibit A. Immediately following the contact information for the University's OEO/AA Director, Exhibit A discloses the EEOC as a resource available to Plaintiff as an entity that reviews complaints of alleged violations of Title VII and the ADA.[25] Such disclosure is inconsistent with the notion of "active deception." Further, Exhibit A indicates that, "to file a complaint regarding discrimination . . . or retaliation with a regulatory state or federal agency," Plaintiff should contact the EEOC, or any other relevant agency, about "the time frames in which complaints must be filed."[26] Again, even assuming the Court reviewed Exhibit A under the summary judgment standard and viewed it in the light most favorable to Plaintiff, the document fails to meet the "high bar" necessary to

---

[21] Ordinarily, a "motion to dismiss for failure to state a claim upon which relief can be granted must be converted into a motion for summary judgment whenever the district court considers matters outside the pleadings." *Lowe v. Town of Fairland, Okl.*, 143 F.3d 1378, 1381 (10th Cir. 1998). While there are exceptions, Plaintiff does not assert that any exception applies that might allow the Court to consider Exhibit A in the context of a motion to dismiss.

[22] ECF No. 9, Ex. A. The document to which Exhibit A is attached was filed overlength and without leave. Based on the parties' stipulation and approval from the Court, Plaintiff's Opposition filed on July 29 is the operative response to the Motion. *See* ECF Nos. 21–22.

[23] ECF No. 9, Ex. 1 at 5.

[24] ECF No. 16 at 26.

[25] *See id.*

[26] *Id.*

demonstrate "active deception" by Defendants.[27]. Rather, Exhibit A expressly discloses the EEOC as a resource available to Plaintiff.

### III. The Court declines to exercise jurisdiction over the remaining state claims

Having found the federal claims subject to dismissal, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining causes of action, which all sound in state law. A "district court should normally dismiss supplemental state law claims after all federal claims have been dismissed, particularly when the federal claims are dismissed before trial." *I Dig Texas, LLC v. Creager*, 98 F.4th 998, 1012–13 (10th Cir. 2024). When the case originated in state court, remand may instead be appropriate. *See id.* Given this case was initiated in state court and only state claims remain, the Court declines to exercise supplemental jurisdiction and will remand Plaintiff's remaining state claims.

### ORDER

Having considered the parties' briefs and the relevant law, the Court GRANTS IN PART AND DENIES IN PART Defendants' Motion to Dismiss Complaint (ECF No. 7). Plaintiff's claims under the ADA and Title VII are dismissed for failure to exhaust administrative remedies.

---

[27] Additionally, to the extent exhaustion constitutes a condition precedent to suit, Plaintiff bears the burden to establish exhaustion. *See Montes v. Vail Clinic, Inc.*, 497 F.3d 1160, 1167 (10th Cir. 2007) ("the obligation to demonstrate timeliness in filing a charge is a condition precedent to suit and thus a burden for plaintiffs to carry."); *see also Gad v. Kansas State Univ.*, 787 F.3d 1032, 1041 (10th Cir. 2015) ("the obligation to demonstrate timeliness [is] a burden for plaintiffs to carry by properly pleading it") (quotations omitted). While the Court is not aware of a Tenth Circuit case directly addressing the issue, it seems this burden logically extends to any assertion the deadline for filing a charge should be equitably tolled. In other words, Plaintiff should be expected to plead the condition precedent, or a reason to be excused from it. Under such a rubric, Plaintiff's argument fails because her Complaint does not allege any facts regarding active deception.

The remaining state-law claims are remanded to Utah's Third District Court because the Court declines to exercise supplemental jurisdiction over them.

Dated this 12th day of March 2026.    By the Court:

Ann Marie McIff Allen
United States District Judge